UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos.: 3:06-CR-125-TAV-HBG |
| | ) | 3:07-CR-130-TAV-HBG |
| JASON BURRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's motion for a sentence reduction [No. 3:06-cr-125, Doc. 40; No. 3:07-cr-130, Doc. 17].[1] The defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines Manual. The government has responded to the defendant's motion [Doc. 41]. The government defers to the Court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the Guidelines Manual.

**I.   Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

---

[1] For the sake of brevity, all docket entry numbers from this point forward will refer to filings in Case No. 3:06-cr-125.

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the

defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[2] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Background

On October 15, 2007, the defendant pleaded guilty to one count of possession with intent to distribute fifty grams or more of crack cocaine in Case No. 3:06-cr-125 [Doc. 27; Doc. 31 p. 2]. The defendant also pleaded guilty to one count of possession with intent to distribute crack cocaine and one count of knowingly possessing a firearm in furtherance of a drug trafficking crime in Case No. 3:07-cr-130 [Doc. 31 p. 2]. At the time of sentencing, the defendant was held accountable for 1,078.36 kilograms of marijuana equivalent [Presentence Investigation Report ("PSR") ¶ 18]. Given the amount of drugs for which the defendant was held accountable, the defendant's base offense level was 32 [*Id.*]. The defendant received a three-level reduction for acceptance of responsibility pursuant to U.S. Sentencing Guidelines Manual section 3E1.1, which

---

[2] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, where the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B). That is not the case here.

resulted in a total offense level of 29 [*Id.* ¶¶ 24–25].  Given the defendant's criminal history category of IV, the defendant's advisory guideline range for his two drug offenses was 121 to 151 months' imprisonment [*Id.* ¶¶ 38, 68].  The defendant was also subject to a 120-month mandatory minimum sentence for the drug offense in Case No. 3:06-cr-125 [*Id.* ¶ 65].  Finally, the defendant was subject to a 60-month consecutive mandatory minimum sentence for his firearm offense [*Id.* ¶¶ 67, 69].

On April 3, 2008, the Court sentenced the defendant to 121 months' imprisonment for each of his drug offenses, to run concurrently, and 60 months' imprisonment for his firearm offense, to run consecutively with his other two offenses [Doc. 31 p. 3].  This produced a total effective term of imprisonment of 181 months, which was within the applicable guideline ranges [*Id.*].  According to the government, the defendant is presently scheduled for release on March 28, 2021 [Doc. 41 p. 3].  The defendant filed the instant motion for a sentence reduction on April 3, 2017 [Doc. 40].

**III.  Analysis**

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1.  U.S. Sentencing Guidelines Manual App. C, amend. 782.  Amendment 782 also makes corresponding changes to section 2D1.11.  Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive.  U.S. Sentencing Guidelines Manual App. C, amend. 788.

Applying Amendment 782, the defendant's revised base offense level is 30, and affording the defendant the same adjustments he originally received, the defendant's revised total offense level is 27. *Id.* § 1B1.10(b)(1). A total offense level of 27 and a criminal history category of IV results in an amended guideline range of 100 to 125 months' imprisonment for the defendant's two drug offenses. Thus, the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. However, because the defendant remains subject to a statutory 120-month mandatory minimum sentence for the drug offense in Case No. 3:06-cr-125 [*see* PSR ¶ 65], the effective amended guideline range for his drug offenses is 120 to 125 months' imprisonment.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here.

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of the

defendant's offenses and the defendant's history and characteristics. The Court finds that these considerations favor a reduction of the defendant's sentence.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment.[3] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as a result of any reduction in the defendant's sentence, the seriousness of the defendant's offenses, and the need to protect the public. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

The government has informed the Court that the defendant has incurred no disciplinary sanctions while incarcerated and that it has no other information to present in opposition to a sentence reduction under Amendment 782 [Doc. 41 p. 4]. The government thus states that it defers to the Court's discretion whether to grant a reduction in the defendant's sentence and, if so, to what extent [*Id.*].

Accordingly, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in the defendant's sentence to be appropriate. In making this

---

[3] However, the Court does not intend to, and does not, impose or lengthen the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See Tapia v. United States*, 564 U.S. 319, 333–34 (2011).

determination, the Court is particularly influenced by the changes in offense levels affected by Amendment 782. The Court has also taken into consideration the risk the defendant poses to public safety, the nature and circumstances of the defendant's offenses, and the defendant's personal characteristics, criminal history, and post-sentencing conduct.

**IV. Conclusion**

For the reasons explained above, the defendant's motion [Doc. 40] is **GRANTED**, and his total effective sentence is **REDUCED** to **180 months' imprisonment**. This consists **120 months' imprisonment** as to both Count One in Case No. 3:06-cr-125 and Count One in Case No. 3:07-cr-130, to run concurrently, and **60 months' imprisonment** as to Count Three in Case No. 3:07-cr-130, to run consecutively with the other two offenses. If this sentence is less than the amount of time the defendant has already served, the defendant's sentence shall be reduced to "time served." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C). Except as otherwise provided in this order, all provisions of the judgment dated April 24, 2008 [Doc. 31], shall remain in full effect.

IT IS SO ORDERED.

          s/ Thomas A. Varlan
          CHIEF UNITED STATES DISTRICT JUDGE